UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Raul E. A.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Martin O'Malley,[1] Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. 2:23-cv-01933-DJA<br><br>**Order** |

Before the Court is Plaintiff Raul E. A.'s brief moving for reversal and payment of benefits or for remand (ECF No. 13) and the Commissioner's cross-motion to affirm (ECF No. 15). Plaintiff did not file a reply. Because the Court finds that the administrative law judge's ("ALJ") residual functional capacity ("RFC") is not supported by substantial evidence, but that reversal and payment of benefits is not appropriate, the Court grants in part and denies in part Plaintiff's motion (ECF No. 13) and denies the Commissioner's cross-motion to affirm (ECF No. 15). The Court finds these matters properly resolved without a hearing. LR 78-1.

## BACKGROUND

**I.      Procedural history.**

Plaintiff filed an application for supplemental security income on April 3, 2020, alleging disability commencing July 18, 2019. (ECF No. 13 at 3). The Commissioner denied the claim initially and upon reconsideration and, on January 8, 2021, Plaintiff requested a hearing. (*Id.*). An ALJ held a hearing on June 23, 2021, and, on July 29, 2021, issued a decision denying Plaintiff's claim. (*Id.*). The Appeals Council denied Plaintiff's request for review on May 2, 2022, making the ALJ's decision the final decision of the Commissioner. (*Id.*).

---

[1] Martin O'Malley is now the Commissioner of Social Security and substituted as a party.

Plaintiff then commenced a civil action. (*Id.*). On August 31, 2022, the Court remanded Plaintiff's claim per the parties' stipulation. (*Id.*). On June 22, 2023, ALJ Kathleen Kadlec presided over a supplemental hearing. (*Id.*). On September 23, 2023, the ALJ again issued a decision denying Plaintiff's claim for benefits. (*Id.*). Plaintiff bypassed the Appeals Council and the ALJ's decision became the final decision of the Commissioner. (*Id.* at 3-4).

**II.     The ALJ decision.**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. 416.920(a). (AR 598-615). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 17, 2020. (AR 601). At step two, the ALJ found that Plaintiff has the following severe impairments: right knee osteoarthritis with chondromalacia and lumbar degenerative disc disease. (AR 601-604). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 604). In making this finding, the ALJ considered Listings 1.15, 1.16, and 1.18. (AR 604).

At step four, the ALJ found that Plaintiff,

> has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except the claimant can climb ramps and stairs frequently, climb ladders, ropes or scaffolds occasionally, stoop frequently, kneel frequently, crouch frequently, and crawl frequently. The claimant may frequently work in extreme heat or cold. The claimant m[a]y occasionally work at unprotected heights, moving mechanical parts, or around vibration. The claimant may occasionally operate a motor vehicle.

(AR 604-613).

At step five, the ALJ found that Plaintiff is capable of performing past relevant work as a janitor. (AR 613). Additionally, the ALJ found that other jobs exist in significant numbers in the national economy that Plaintiff could perform, including jobs like kitchen helper, hand packager, and industrial sweeper. (AR 614). Accordingly, the ALJ found that Plaintiff had not been disabled since June 17, 2020, through the date the application was filed. (AR 615).

**STANDARD**

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g).  *See Akopyan v. Barnhard*, 296 F.3d 852, 854 (9th Cir. 2002).  Section 405(g) states, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action…brought in the district court of the United States for the judicial district in which the plaintiff resides."  The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing."  *Id.*  The Ninth Circuit reviews a decision of a District Court affirming, modifying, or reversing a decision of the Commissioner *de novo*.  *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence.  *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005).  However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence.  *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).  In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."  *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).  Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record.  *Batson*, 359 F.3d at 1193.  When the evidence will support more than one rational interpretation, the court must defer to the

Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

## **DISABILITY EVALUATION PROCESS**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id*. § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28. If the individual does not have

a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's RFC, which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSR 16-3p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her

past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

Step five requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she can do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42

## ANALYSIS AND FINDINGS.

**I.     Whether the ALJ's RFC is supported by substantial evidence.**

   ***A.     The parties' arguments.***

Plaintiff argues that the ALJ's RFC lacks the support of substantial evidence because, while the ALJ assessed Plaintiff to be capable of medium work, the two State agency medical consultants who reviewed the record—Dr. Samuel Pak and Dr. Gupreet Chahal—assessed Plaintiff to only be capable of light work. (ECF No. 13 at 5). The ALJ found Drs. Pak and Chahal's opinions unpersuasive, which Plaintiff argues was error for two reasons. (*Id.* at 6-9). First, Plaintiff asserts that the ALJ ignored the evidence on which the doctors relied to reach their conclusion, which evidence demonstrates the severity of Plaintiff's spine and orthopedic condition. (*Id.*). Second, Plaintiff argues that the reasons the ALJ gave for rejecting the doctors' opinions were without merit. (*Id.*). Plaintiff explains that his lack of treatment was due to a lack of insurance. (*Id.*). He adds that his physician's notes claiming that he had "[n]o disability" and assessing his functional capacity had no context. (*Id.*). He points out that his activities of daily living—taking medication, eating, bathing, dressing, using a phone, doing laundry, cleaning the house—are consistent with light, not medium work. (*Id.*). Even if the ALJ properly rejected the doctors' assessments, Plaintiff asserts that the ALJ's RFC would still lack the support of substantial evidence because the ALJ did not cite a doctor's assessment finding Plaintiff capable of medium work. (*Id.* at 8-10). Plaintiff argues that the ALJ essentially used the raw medical

data in his records to come up with the RFC, which the ALJ is not permitted to do because an RFC must be supported by a medical opinion. (*Id.*).

The Commissioner responds that the ALJ's RFC is supported by substantial evidence because the ALJ properly considered Drs. Pak and Chahal's assessments and did not rely on her own lay opinion in crafting the RFC. (ECF No. 15). The Commissioner argues that the ALJ properly considered whether Drs. Pak and Chahal's assessments were supported by and consistent with the record, and using those findings, correctly determined that the opinions were unpersuasive. (*Id.* at 6). Regarding supportability, the Commissioner asserts that the ALJ pointed out that Dr. Pak's opinion was not supported by his findings because Dr. Pak placed too much emphasis on Plaintiff's medical imaging and not his activities of daily living, normal examinations, and lack of treatment. (*Id.*) Additionally, the Commissioner argues that Dr. Pak observed that Plaintiff's imaging showed significant joint disease and degenerative disc disease, but that Plaintiff's examinations showed his abilities to be within normal limits. (*Id.*). The Commissioner argues that the ALJ noted that Dr. Chahal's opinion was supported with only minimal discussion of Plaintiff's impairments and thus, was not supported sufficiently to be persuasive. (*Id.*). Regarding consistency, the Commissioner asserts that the ALJ found that Drs. Pak and Chahal's opinions were not consistent with the remainder of the evidence, which the ALJ summarized as demonstrating normal findings and minimal treatment for the impairments—disorders of the back and osteoarthritis—that Drs. Pak and Chahal listed as the basis for their light work recommendation. (*Id.* at 7-9). The Commissioner also points out that the ALJ recognized that Drs. Pak and Chahal reviewed Plaintiff's claim before much of the relevant evidence entered the record, another reason the ALJ found their opinions to be unpersuasive. (*Id.* at 9). The Commissioner concludes that the ALJ, having rejected Drs. Pak and Chahal's opinions, properly determined Plaintiff's RFC based on the evidence in the record. (*Id.* at 9-13). The Commissioner argues that there is no basis for Plaintiff's argument that the ALJ's RFC must *match* a medical opinion. (*Id.* at 13-15).

**B.     Analysis.**

The ALJ's findings of fact, as embodied in the RFC, are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before the Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. *Miller v. Kijakazi*, No. 2:22-CV-00355-EJY, 2023 WL 1525429, at *6–7 (D. Nev. Feb. 3, 2023).

Here, given Plaintiff's arguments, there are two questions before the Court regarding the ALJ's RFC. First, whether the ALJ properly found Drs. Pak and Chahal's opinions to be unpersuasive. Second, if the ALJ did properly find the doctors' opinions to be unpersuasive, whether the ALJ erred in assessing the RFC without the support of those opinions. The Court finds that the ALJ did not err in finding Drs. Pak and Chahal's opinions to be unpersuasive. But the Court finds that the ALJ did err in assessing the RFC.

      1. <u>Whether the ALJ properly evaluated Drs. Pak and Chahal's opinions.</u>

The Court finds that the ALJ did not err in finding Drs. Pak and Chahal's opinions unpersuasive because the ALJ adequately considered both the supportability and the consistency factors in analyzing the doctors' opinions. For claims filed on or after March 27, 2017, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment relationship, and examining relationship), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding

of [the Agency's] disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore, the ALJ is required to explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Even under the new regulations, the ALJ is obligated to consider the opinions from each medical source and cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022); *see Kramer v. Kijakazi*, No. 20-cv-2065-GPC(AHG), 2022 WL 873630, at *4 (S.D. Cal. Mar. 24, 2022). "The agency must 'articulate ... how persuasive' it finds 'all of the medical opinions' from each doctor or other source, 20 C.F.R. § 404.1520c(b), and 'explain how [it] considered the supportability and consistency factors' in reaching these findings, *id.* § 404.1520c(b)(2)." *Woods*, 32 F.4th at 792.

Here, the Court finds that the ALJ properly evaluated Drs. Pak and Chahal's opinions. The ALJ explicitly considered the supportability and consistency factors when analyzing Drs. Pak and Chahal's opinions. While Plaintiff takes issue with the fact that the ALJ did not consider certain of the records that the doctors considered, Plaintiff ignores that the ALJ considered these records earlier in her decision. (AR 607) (addressing the September 11, 2019, x-rays of Plaintiff's spine and right knee at AR 420, 422); (AR 610) (addressing Plaintiff's January 8, 2021, knee injection at AR 453); (AR 611) (addressing Plaintiff's April 20, 2021, knee exam at AR 859-60 and Plaintiff's May 18, 2023, spine MRI at AR 895). Additionally, while Plaintiff argues that the ALJ erred by finding Plaintiff's lack of treatment inconsistent with Drs. Pak and Chahal's opinions because of his lack of insurance, Plaintiff testified that he had Medicaid.[2] (AR 640-641). Plaintiff's argument that the ALJ erred in relying on Plaintiff's primary care physician's note that Plaintiff had "[n]o physical disability" when finding Drs. Pak and Chahal's

---

[2] While Plaintiff asserts that his testimony was unclear, potentially due to translation issues, the record reflects that the ALJ attempted to clarify whether Plaintiff had Medicaid and Plaintiff answered—through his interpreter—twice in the affirmative. (AR 640-641). Given Plaintiff's testimony, the Court cannot find conclusively that Plaintiff did not have insurance such that the ALJ erred in finding his lack of treatment inconsistent with Drs. Pak and Chahal's opinions.

opinions inconsistent with the record ignores that the ALJ specifically pointed out that the note lacked context.  The ALJ stated that "[g]iven that these reports appear in the 'Social History' section of the progress notes, the undersigned has interpreted them to be reports by the claimant rather than findings by the provider.  Despite their origin, they are persuasive as indicated previously in the decision." (AR 604).  And Plaintiff provides no authority for the proposition that the ALJ was not permitted to consider this note at all, especially when the ALJ explained that she considered the note to be Plaintiff's own reporting.  Finally, while Plaintiff is correct that his activities of daily living could be consistent with light work, the Court ultimately finds that the evidence could be rationally interpreted in more than one way, and so upholds the ALJ's decision.  *See Garner v. Kijakazi*, No. 3:22-cv-00066-CLB, 2022 WL 17976944, at *7 (D. Nev. Dec. 28, 2022) (noting that if evidence could be interpreted in more than one way, the ALJ's decision must be upheld and explaining that activities of housework and yardwork are rational to interpret as consistent with state medical consultants' findings of light work).  The Court concludes that the ALJ did not err in finding Drs. Pak and Chahal's opinions unpersuasive and thus declines to find in favor of Plaintiff on that ground.

       2.  <u>Whether the ALJ demonstrated how she determined the RFC.</u>

Although the Court finds that the ALJ did not err in finding Drs. Pak and Chahal's opinions unpersuasive,[3] the Court nonetheless finds that the ALJ erred in not explaining how she then arrived at her RFC.  The regulations provide that the ALJ must assess all the evidence,

---

[3] The parties fail to brief the fact that the ALJ stated that she found Dr. Patricia Prince and Dr. Eladio Carrerra's statements somewhat persuasive under 20 C.F.R. § 416.920c.  (AR 606).  However, the ALJ's brief statement that she found these doctors' opinions to be somewhat persuasive does not change this Court's analysis because the Court does not find that the ALJ properly considered these opinions or explained how these opinions supported the RFC.  The ALJ did not properly consider these opinions under 29 C.F.R. § 416.920c because, while she mentioned that they were consistent with the record, she did not address the factor of supportability.  The ALJ did not explain how these opinions supported her RFC because she does not point to any opinions from the doctors about Plaintiff's ability to function in the workplace.  Instead, she appears to draw her own inferences about Plaintiff's functional ability from the doctors' medical reports, which as outlined herein, does not constitute substantial evidence.  *See Koch v. Kijakazi*, 4 F.4th 656, 667 (8th Cir. 2021).

including the claimant's and others' descriptions of the limitations, and medical reports, to determine what capacity the claimant has for work despite his or her impairments. 20 C.F.R. §§ 404.1545(a)(3) and 416.945(a)(3). "The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). "The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence." *Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999) (citation omitted). Moreover, "the ALJ must use 'some medical evidence of the claimant's ability to function in the workplace' in order to make a proper RFC assessment; '[t]he ALJ may not simply draw his own inferences about [the claimant's] functional ability from medical reports.'" *Koch v. Kijakazi*, 4 F.4th 656, 667 (8th Cir. 2021) (quoting *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017), and citing *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001)); *see also* POMS § DI 24510.001(A)(1) ("The RFC assessment [] is based primarily on medical evidence"). "[A]n ALJ's RFC determination need not reflect any particular provider's opinion precisely." *Howell v. Kijakazi*, No. 20-cv-2517-BLM, 2022 WL 2759090, at *7 (S.D. Cal. July 24, 2022) (citing *Turner v. Commissioner*, 613 F.3d 1217, 1223 (9th Cir. 2010)). But an ALJ cannot make medical judgments, only legal judgments, and cannot interpret raw medical data. *Id.* (citing *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975)).

Here, the Court finds that the ALJ erred by rejecting Drs. Pak and Chahal's medical opinions and then not demonstrating how she arrived at her RFC. The Commissioner relies on the Ninth Circuit's decision in *Farlow v. Kijakazi* for his argument that the ALJ did not err by rejecting the only medical opinions of record. *Farlow v. Kijakazi*, 53 F.4th 485, 487-89 (9th Cir. 2022). And indeed, there, the Ninth Circuit affirmed an ALJ's decision rejecting the only medical opinion of record assessing the claimant's functional capacity. *Id.* But *Farlow* does not stand for the proposition that it is never an error for an ALJ to reject the only medical opinions of record and then assess an RFC inconsistent with those opinions. Indeed, the *Farlow* court did not even center its analysis on the RFC, but instead on whether it was proper for the ALJ to reject the medical opinion in the first place.

On the other hand, the cases on which Plaintiff relies go further in their analysis than the *Farlow* court, determining that it is error for an ALJ to reject the only medical opinions of record *and then* not provide sufficient support for the functional limitations in the RFC. In *deGutierrez v. Saul*, the Eastern District of California found that, after the ALJ rejected the medical opinions of record, the ALJ went on to base the RFC "solely on treatment notes, test results, and Plaintiff's testimony," which "did not provide sufficient indications of Plaintiff's functional limitations and were unclear as to their impact on Plaintiff's ability to work." *deGutierrez v. Saul*, No. 1:19-cv-00463-BAM, 2020 WL 5701019, at *5-6 (E.D. Cal. Sept. 24, 2020). "Thus, the ALJ apparently formulated an RFC based on her interpretation of the medical evidence, which is improper." *Id.*

Similarly, in *Holtan v. Kijakazi.*, this district found that the ALJ erred primarily by simply summarizing the medical evidence without making it clear how the ALJ then translated that evidence into an RFC. *Holtan v. Kijakazi*, No. 2:22-cv-01222-VCF, 2023 WL 2424648, at *3 (D. Nev. Mar. 9, 2023). The court found this to be "particularly concerning because the ALJ did not rely on any of the medical opinions, <u>finding all of the medical opinions of record unpersuasive.</u>" *Id.* (emphasis in original). So, most salient to the *Holtan* court's decision was not that the ALJ rejected each of the medical opinions, but that the ALJ rejected those opinions and then did not articulate how they translated the evidence into an RFC.

The ALJ's analysis here also fails to articulate how the ALJ translated the medical evidence into an RFC. The ALJ extensively cites the medical record in the portion of her decision dedicated to the RFC. But the ALJ does not explain how or why those records mean that Plaintiff is capable of "medium work" or why he is limited in climbing, stooping, kneeling, crouching, crawling, and working in extreme conditions of temperature, height, moving parts, and vibration. For example, the ALJ makes no logical bridge between the records showing "some severe abnormalities" but otherwise "limited treatment, good response to steroid injections, normal strength, and normal gait" with Plaintiff's ability to frequently lift twenty-five pounds and no more than fifty pounds at a time, as is required for medium work. *See* 20 C.F.R. § 416.967; (AR 612). And while the ALJ explained that she assessed the postural and environmental limitations as precautions for pain, it is not clear how the ALJ translated Plaintiff's complaints of

pain into the limitations she assessed. (AR 612). Ultimately, the Court finds that the ALJ erred by summarizing the medical evidence without making it clear how she then translated that evidence into the RFC. And absent any medical opinions to support the RFC, this explanation is particularly absent. The Court thus grants Plaintiff's motion on this ground.

**II.     Remand for further proceedings, not for an award of benefits, is appropriate here.**

When evaluating whether this case presents the "rare" circumstances justifying a reversal and remand for payment, the Court normally applies a three-step test. *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1100-01 (9th Cir. 2014). Under this procedure, the Court first asks whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. *Id.* at 1100-01. Second, if the ALJ has erred, the Court determines whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful. *Id.* at 1101. Administrative proceedings are generally useful where the record has not been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence may prove enlightening in light of the passage of time. *Id.* Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate. *Id.* Third, if the Court finds that no outstanding issues remain and further proceedings would not be useful, the Court may find the relevant testimony credible as a matter of law and then determine whether the record, taken as a whole, leaves "not the slightest uncertainty as to the outcome of the proceeding." *Id.* But even when all three elements are satisfied, the decision whether to remand a case is in the Court's discretion. *Id.* at 1101-1102.

Here, the Court declines to reverse and remand for payment of benefits because this case does not constitute the rare and extreme circumstances that would justify it. As a preliminary matter, Plaintiff did not brief the analysis the Court must undertake in determining whether a reversal and award of benefits is appropriate. But even if he did, at the second step of the analysis, there is the significant outstanding issue of how the ALJ arrived at the RFC that must be resolved before a determination of disability can be made. There is thus conflicting evidence in

the record regarding Plaintiff's physical limitations such that an award for benefits would be inappropriate. Further administrative proceedings would be vital to resolving these issues and this is not the case where the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of the proceeding. The Court thus remands these issues to the agency for further proceedings.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for remand (ECF No. 13) is **granted in part and denied in part.** It is granted in part regarding Plaintiff's request for remand. It is denied in part regarding his request for reversal and award of benefits.

**IT IS FURTHER ORDERED** that this case is remanded for further proceedings so that the ALJ may articulate how the ALJ arrived at Plaintiff's RFC.

**IT IS FURTHER ORDERED** that the Commissioner's cross motion to affirm (ECF No. 15) is **denied**. The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

DATED: December 5, 2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE